# EXHIBIT 1

RICHARD G. NIESS
CIRCUIT COURT, BR. 9

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |

SARAH AKEN
7191 Cty. Rd. PD
Verona, WI 53593,

and

ANDREW AKEN
7191 Cty. Rd. PD
Verona, WI 53593,

    Plaintiffs,

and

UNITY HEALTH PLANS INSURANCE CORPORATION
840 Carolina St.
Sauk City, WI 53583

    Subrogated Plaintiff,

v.

POLARIS INDUSTRIES, INC.
2100 Hwy. 55
Medina, MN 55340,

and

POLARIS SALES, INC.
2100 Hwy. 55
Medina, MN 55340,

and

POLARIS INDUSTRIES MANUFACTURING, LLC
2100 Hwy. 55
Medina, MN 55340,

    Defendants.

PRODUCTS LIABILITY
Case Code: 30100
Case No. **15CV2560**
Damage Claim Exceeds $5,000

**FILED**

OCT - 2 2015

DANE COUNTY CIRCUIT COURT

---

## SUMMONS

THE STATE OF WISCONSIN

1

To each person named above as a defendant:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Dane County Courthouse 215 South Hamilton Street, Madison, Wisconsin 53703 and to Atterbury, Kammer & Haag, S.C., plaintiffs' attorneys, whose address is 8500 Greenway Boulevard, Suite 103, Middleton, Wisconsin 53562. You may have an attorney help or represent you. If you require the assistance of auxiliary aids or services because of a disability, call (608) 266-4678 (TDD 266-9138) and ask for the court ADA Coordinator.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 1st day of October, 2015.

ATTERBURY, KAMMER & HAAG, S.C.

Eric J. Haag
State Bar No. 1026958
A Member of the Firm
Attorneys for the Plaintiff

8500 Greenway Blvd.
Middleton, WI 53562
(608) 821-4600

2

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

SARAH AKEN
7191 Cty. Rd. PD
Verona, WI  53593,

and

ANDREW AKEN
7191 Cty. Rd. PD
Verona, WI  53593,

    Plaintiffs,

and

UNITY HEALTH PLANS INSURANCE CORPORATION
840 Carolina St.
Sauk City, WI 53583

    Subrogated Plaintiff,

v.

POLARIS INDUSTRIES, INC.
2100 Hwy. 55
Medina, MN  55340,

and

POLARIS SALES, INC.
2100 Hwy. 55
Medina, MN  55340,

and

POLARIS INDUSTRIES MANUFACTURING, LLC
2100 Hwy. 55
Medina, MN  55340,

    Defendants.

PRODUCTS LIABILITY
Case Code: 30100
Case No. **15CV2560**
Damage Claim Exceeds $5,000

**FILED**

OCT - 2 2015

DANE COUNTY CIRCUIT COURT

## COMPLAINT

For their Complaint, plaintiffs, Sarah Aken and Andrew Aken, by their attorneys, Atterbury, Kammer, & Haag, S.C., by Eric J. Haag, allege the following:

1.  Plaintiff Sarah Aken is an adult resident of the State of Wisconsin, County of Dane, residing at 7191 Cty. Rd. PD, Verona, WI 53593.

2.  Plaintiff Andrew Aken is an adult resident of the State of Wisconsin, County of Dane, residing at 7191 Cty. Rd. PD, Verona, WI 53593.

3.  Subrogated Plaintiff Unity Health Plans Insurance Corporation ("Unity") is a health insurer with a primary business address of 840 Carolina Street, Sauk City, WI 53583. Pursuant to State law, Unity may be entitled to reimbursement for claims paid in relation to the incident which is the subject of this lawsuit in the event of either settlement or judgment. The registered agent and address for Unity is Christine Senty, Unity Health Plans Insurance Corporation, 840 Carolina Street, Sauk City, WI 53583.

4.  Defendant Polaris Industries, Inc., is a corporation with its principal place of business located at 2100 Hwy. 55, Medina, MN 55340. Its registered agent for service of process is CT Corporation Systems, 8020 Excelsior Dr., Suite 200, Madison, WI 53717.

5.  Defendant Polaris Sales, Inc., is a corporation with its principal place of business located at 2100 Hwy. 55, Medina, MN 55340. Its registered agent for service of process is CT Corporation Systems, 8020 Excelsior Dr., Suite 200, Madison, WI 53717.

6.  Defendant Polaris Industries Manufacturing, LLC, is a corporation with its principal place of business located at 2100 Hwy. 55, Medina, MN 55340. Its registered agent for service of process is CT Corporation Systems, 8020 Excelsior Dr., Suite 200, Madison, WI 53717.

7.  Polaris Industries, Inc., Polaris Sales, Inc., and Polaris Industries Manufacturing, LLC, (collectively referred to herein as "Polaris"), are in the business of designing, engineering,

manufacturing, advertising, assembling, distributing, marketing, and selling off-road vehicles, including all-terrain vehicles and utility vehicles, including, but not limited to, the Polaris Ranger, for recreational use.

8. Polaris conducts substantial business in Wisconsin, including substantial sales of its products, including, but not limited to, all-terrain vehicles and utility vehicles, such as the Polaris Ranger.

9. On or about February 14, 2013, Andrew Aken purchased a new 2013 Polaris Ranger 800 with a Vehicle Identification Number of 4XATH76A9DG694433, in Madison, Wisconsin.

10. On August 9, 2014, Andrew and Sarah Aken were out driving their Polaris Ranger over trails located in Wisconsin.

11. At some point shortly after completing their ride, Sarah Aken discovered burns on her buttocks area. The burns continued to worsen and since then have necessitated significant medical care and have resulted in pain, suffering, disfigurement, and loss of enjoyment of life for the plaintiff, Sarah Aken.

12. Sarah Aken was a paraplegic at the time of August 9, 2014 trail ride. Going for rides in the UTV was a favorite pastime of Sarah and her husband, Andrew. Sarah was seated appropriately in the passenger's seat throughout the ride while Andrew was driving. Because of reduced sensation in the lower half of Sarah Aken's body, she was unable to feel the fact that she was literally being burned alive while she sat as a passenger during the 3-4 hour trail ride.

13. The Ranger in question was dangerously and defectively designed and manufactured such that it allowed excessive heat to penetrate through the seat and subject passengers to excessive and dangerous heat, including burning.

14. Polaris defendants have previously had an issue with other models of their Polaris Ranger producing too much heat such that the seat would deform and subject passengers to excessive heat. Yet, Polaris did not recall this model nor did it equip it with an adequate heat shield or heat deflection system.

15. The Polaris Ranger owned by the Akens also experienced a deformation of the underside of the seat due to excessive heat.

16. The risk of harm created by the heat from the Ranger could have been reduced or avoided if a reasonable alternative design had been utilized which would protect passengers against excessive heat going through the seat and burning their body. Examples of alternative designs include but are not limited to: equip the machine with a large heat shield; provide a greater amount of insulative material on the underside of the seat; route the exhaust such that it was not in close proximity to the underside of the seat; extend the insulative material that is present so that it covered the entire length and width of the passenger seating area; install a thicker seat for passengers with a greater ability to dissipate heat; install a fan or blower device such that heat is blown out of the engine compartment and away from passengers; install multiple heat shields.

17. Furthermore, the instructions or warnings that accompanied this product did not contain any disclosure of the risk of being burned while simply riding as a passenger in the vehicle for a few hours.

18. The defective condition of the machine rendered it unreasonably dangerous to users such as Sarah Aken. This defective condition existed at the time the product left the control of the defendants. The machine reached Andrew and Sarah Aken without substantial change in the condition from which it was sold.

19. The defective conditions described above were a cause of plaintiffs' damages.

20. Andrew Aken has spent considerable time caring for Sarah Aken as a result of her severe burns and the ongoing substantial medical treatment that has been required. Accordingly, Andrew Aken has a claim for the value of services provided as well as a claim for loss of consortium.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS – NEGLIGENCE

Plaintiffs reallege and incorporate by reference herein all preceding paragraphs to this complaint.

21. Defendants were negligent in the design and manufacture of the Polaris Ranger that Andrew and Sarah Aken were using on or about August 9, 2014. This negligence includes, but is not limited to, failing to use a safe design that would guard passengers against being burned by excessive heat from the engine compartment or exhaust system, failing to provide sufficient warnings to alert users to the danger of being burned while riding in the Ranger, and other failures unknown to plaintiffs at this time.

22. Said negligence was a substantial factor in causing harms and losses to the plaintiffs, and as a result of that negligence, defendants are liable to the plaintiffs in an amount to be determined by a court or a jury.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS – STRICT LIABILITY

Plaintiffs reallege and incorporate by reference herein all preceding paragraphs to this complaint.

23. The Polaris Ranger owned by the Akens was defective in that it contained a manufacturing defect, was defective in design, and was defective because of inadequate warnings, as set forth above in this complaint. The risk of harm created by the machine could have been reduced as described above if a reasonable alternative design had been utilized. The

defective condition of the machine rendered it unreasonably dangerous to users such as Sarah Aken.

    24.     The defective conditions described above were a cause of plaintiffs' damages.

    25.     As a result, defendants are strictly liable to the plaintiffs for their damages.

## PUNITIVE DAMAGES

Plaintiffs reallege and incorporate by reference herein all preceding paragraphs to this complaint.

    26.     Upon information and belief, defendants knew that the failure to guard the passengers from heat from the engine compartment and exhaust system posed an unreasonable risk of harm and yet they proceeded to market and sell Rangers with that design anyway. They did not issue a recall or safety bulletin to rectify the problem and make the design safe for passengers. The defendants' actions were taken with an intentional disregard for the rights of the plaintiff, Sarah Aken, and punitive damages in a sufficient amount to punish and deter Polaris and others from engaging in this conduct in the future will be requested from the court or jury.

WHEREFORE, plaintiffs pray for judgment against the defendants in an amount to be determined at trial together with costs and disbursements incurred herein.

Dated this 1st day of October, 2015.

                                      ATTERBURY, KAMMER & HAAG, S.C.

                                      Eric J. Haag
                                      State Bar No. 1026958
                                      A Member of the Firm
                                      Attorneys for the Plaintiff

8500 Greenway Blvd.
Middleton, WI 53562
(608) 821-4600