IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH AKEN and ANDREW AKEN,

          Plaintiffs,                      ORDER

and                                        16-cv-48-wmc

UNITY HEALTH PLANS INSURANCE
CORPORATION,

          Subrogated Plaintiff,
  v.

POLARIS INDUSTRIES, INC., POLARIS
SALES, INC., and POLARIS INDUSTRIES
MANUFACTURING, LLC,

          Defendants.

---

In this civil action, plaintiffs Sarah and Andrew Aken assert negligence and strict liability claims against defendants Polaris Industries, Inc., Polaris Sales, Inc. and Polaris Industries Manufacturing, LLC, based on a injuries Sarah Aken sustained while a passenger on an all-terrain vehicle manufactured by defendants. (Compl. (dkt. #1-1).) Invoking this court's diversity jurisdiction, defendants have removed this action pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332. (Not. of Removal (dkt. #1) ¶¶ 8, 14.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶¶ 8, 14.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendants' allegations as to the LLC defendant's citizenship prevent this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The notice of removal lacks *any* allegations regarding the names or the citizenship of any of Polaris Industries Manufacturing, LLC's members. Instead, defendants allege the LLC defendant is incorporated in the State of Minnesota with its principal place of business also in Minnesota. (Not. of Removal (dkt. #1) ¶ 17.) The Seventh Circuit instructs, however,

2

that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, defendants will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of Polaris Industries Manufacturing, LLC. In alleging the LLC's citizenship, defendants should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) defendants Polaris Industries, Inc., Polaris Sales, Inc. and Polaris Industries Manufacturing, LLC shall have until February 8, 2016, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 25th day of January, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge