IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| SARAH AKEN, ANDREW AKEN and<br>UNITY HEALTH PLANS INSURANCE<br>CORPORATION, | OPINION and ORDER<br><br>16-cv-48-bbc |
| Plaintiffs, | |
| v. | |
| POLARIS INDUSTRIES, INC., POLARIS<br>SALE, INC. and POLARIS INDUSTRIES<br>MANUFACTURING LLC, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Sarah Aken and Andrew Aken filed this civil action asserting negligence and strict liability claims against defendants Polaris Industries, Inc., Polaris Sales, Inc. and Polaris Manufacturing LLC. Plaintiffs allege that Sarah Aken was burned on her lower body while riding on an all-terrain vehicle manufactured and sold by defendants. Plaintiffs originally filed suit in the Circuit Court for Dane County, but defendants have removed the case to this court under 28 U.S.C. §§ 1446, 1441 and 1332.

Currently there are two housekeeping issues related to defendants' removal that need to be resolved. First, as noted in the court's January 25, 2016 order, defendants' notice of removal failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332. Specifically, defendants did not identify the citizenship of each of Polaris Industries Manufacturing LLC's members. Defendants have since filed an amended notice of removal

1

that resolves the problem, showing complete diversity between plaintiffs and Polaris Industries Manufacturing LLC's one member.

The second issue relates to the timeliness of defendants' notice of removal. Plaintiffs have filed a motion to remand this suit to the Circuit Court for Dane County on the ground that defendants' notice of removal was untimely. After reviewing the parties' briefs and evidentiary materials in support of their arguments, I am denying plaintiffs' motion to remand. As explained below, defendants did not receive notice sufficient to trigger the 30-day removal period in § 1446(b) until plaintiffs tendered their formal "Offer of Settlement" on January 14, 2016. Accordingly, I conclude that defendants' notice of removal, which they filed on January 20, 2016, was timely under § 1446(b) and that jurisdiction over this case is proper.

OPINION

Plaintiffs contend that I should remand this case because defendants failed to file a timely notice of removal. Under the general removal statute, a defendant's notice of removal must be filed within 30 days after it receives "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). However, in many instances it is unclear from the face of a plaintiff's initial pleading whether the case is subject to removal. In such a case, a defendant's 30-day deadline for removing the case does not begin until after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

1446(b)(3).

Defendants are relying on 28 U.S.C. § 1332 as the basis for removal because plaintiffs are asserting only state law claims in this case. In addition to diversity of citizenship, § 1332 requires that the amount in controversy exceed $75,000. However, plaintiffs' claims as set forth in their initial pleading are not sufficient by themselves to establish that the federal district courts have diversity jurisdiction over this case because plaintiffs did not plead that the amount in controversy exceeds $75,000. Therefore, defendants' receipt of that initial pleading on November 2, 2015 did not start the 30-day removal period set forth in § 1446(b)(1).

Plaintiffs argue that defendants' notice of removal is nevertheless untimely because under § 1446(b)(3), defendants' removal clock started on December 18, 2015 at the latest. They contend that by this date, defendants had Sarah Akens's medical bills, photographs of her injuries and a copy of plaintiffs' complaint, which requested punitive damages. Plaintiffs' counsel also asserts that he had conversations with defendants' counsel in which he stated that the case was worth at least "six-figures." Haag Aff. ¶ 8, dkt. #9. According to plaintiffs, when taken together, these materials and statements were sufficient to advise defendants that the potential value of the case exceeded the $75,000 amount in controversy requirement.

Although plaintiffs may be correct that they gave defendants enough information from which they could have ascertained that 28 U.S.C. § 1332's amount in controversy was met, the Court of Appeals for the Seventh Circuit held in Walker v. Trailer Transit, Inc., 727

F.3d 819 (7th Cir. 2013), that for the purposes of § 1446(b)(3), the defendants' subjective understanding as to the amount in controversy is irrelevant. The proper focus is instead on the *plaintiff's* actions and whether plaintiff gave the defendants "a post-complaint pleading or other paper that *affirmatively and unambiguously* specified a damages amount sufficient to satisfy the federal jurisdictional minimums." Id. at 825 (emphasis added). This objective inquiry, the court of appeals noted, "promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." Id. at 824. Simply put, the ball is in plaintiffs' court when it comes to commencing the 30-day removal period; if plaintiffs want to trigger it, they can easily do so by providing defendants a clear written statement that they are seeking damages in excess of the jurisdictional minimum.

Plaintiffs attempt to distinguish Walker on the ground that the court of appeals found that under one interpretation of the remedy sought in the complaint in that case, the damages could not possibly reach the jurisdictional threshold. However, this factual distinction was irrelevant to the court of appeals' legal conclusion that § 1446(b)(3)'s 30-day time period is not triggered until plaintiffs affirmatively and unambiguously indicate that the amount in controversy is satisfied. In other words, the legal standard for when and how the 30-day removal period is triggered applies without regard to the facts the court of appeals relied on in Walker in determining that the standard they adopted was not met in that case.

It is clear that plaintiffs' motion to remand must be denied when the "affirmative and

4

unambiguous" standard set forth in Walker is applied to this case. The only reference in plaintiffs' complaint to the amount in controversy was a statement that plaintiffs' damages exceeded $5,000 dollars. Moreover, the medical bills plaintiffs tendered to defendants totaled less than $10,000; the photographs of plaintiffs' injuries, however horrific they may be, do not establish how much plaintiffs were seeking; and plaintiffs' counsel's oral statements that the case was worth "six figures" do not qualify as an "amended pleading, motion, order or other paper" under the rule. 28 U.S.C. § 1446(b)(3). It was not until plaintiffs tendered their formal "Offer of Settlement" on January 14, 2016 that they "affirmatively and unambiguously" specified a damages amount sufficient to satisfy the federal jurisdictional minimum. A mere six days later, well within the 30-day limit set forth in § 1446(b)(3), defendants filed their notice of removal. Accordingly, defendants' notice of removal was timely and plaintiffs' motion to remand must be denied.

ORDER

IT IS ORDERED that the motion to remand filed by plaintiffs Sarah Aken and Andrew Aken, dkt. #7, is DENIED.

Entered this 7th day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge